MCGREGOR W. SCOTT
United States Attorney
MICHAEL M. BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL HERRERA-OSORNIO,<br><br>Defendant. | CASE NO. 2:08-CR-0454 JAM<br><br>PROTECTIVE ORDER COMPELLING DISCOVERY |

## **PROTECTIVE ORDER**

For good cause, and based on the record in this case, the Court hereby FINDS that defendant Manuel Herrera-Osornio, through the claims of ineffective assistance of counsel made in his pending motion to correct his sentence pursuant to 28 U.S.C. § 2255, has waived the attorney-client privilege with respect to any discussions he had with his attorneys John Manning and Arthur Pirelli, and their respective defense investigators, including any advice or strategy, concerning the following allegations:

(1) The defendant was wrongly convicted of a violation of 18 U.S.C. § 924(c)(1) because his trial attorney, John Manning, "failed to properly build a defense, and misled the Petitioner with legal advice." ECF Dkt. No. 256 at 8.

(2) The defendant's trial attorney advised the defendant to take the case to trial and "assured the Petitioner he would be found innocent" of the § 924(c)(1) allegation. ECF Dkt. No. 256 at 10.

(3) The defendant's trial attorney "convinced him" that he would subpoena "the individual who

owned the truck and owned the weapon . . . and would easily convince the jury [the defendant] was actually innocent" of the § 924(c)(1) allegation. The defendant claims he had no knowledge of the firearm investigators found in the truck in which he was riding on September 4, 2008. ECF Dkt. No. 256 at 10-11, 13-16, 18-21.

(4) The defendant was "given a favorable Plea Offer" by the government, but "behind the advice of his [trial] Attorney" the defendant "turned this Plea Offer down." ECF Dkt. No. 256 at 11. The defendant's trial attorney "never explained any of the consequences" of "going to trial." ECF Doc. 256 at 13, 14-16. "If given the proper advice," the defendant "would have accepted" the government's offer of a five-year prison sentence. ECF Dkt. No. 256 at 13.

(5) The defendant's appellate counsel, Arthur Pirelli, "failed to properly present the actual facts to the Appeal Court." ECF Dkt. No. 256 at 10, 18-21.

The Court further FINDS that the government is permitted to take discovery related to these allegations from the defendant's former counsel, including (1) John Manning, (2) Arthur Pirelli, and (3) any other member of the defense team who communicated with Herrera-Osornio with respect to the foregoing allegations in order to respond to the defendant's claims of ineffective assistance of counsel. *See Bittaker*, 331 F.3d at 719.

Accordingly, IT IS HEREBY ORDERED THAT attorney John Manning, attorney Arthur Pirelli, and any other member of the defense team who communicated with Herrera-Osornio with respect to the foregoing allegations shall, within twenty-one (21) days of this Order, provide the government with copies of all notes, documents, records, or other evidence related to the allegations identified above. To the extent that the documents contain privileged information on other matters not delineated above, the aforementioned attorneys can redact that information.

IT IS FURTHER ORDERED THAT attorney John Manning, attorney Arthur Pirelli, and any other member of the defense team who communicated with Herrera-Osornio with respect to the foregoing allegations shall make themselves available for interviews within twenty-one (21) days of this Order to answer any questions posed by the government regarding the allegations discussed above. The aforementioned individuals, if called by either party, shall also testify in court on a date to be determined by the Court to answer any questions posed by the government or the defendant regarding the

allegations discussed above.

IT IS FURTHER ORDERED THAT the government shall limit its use of the documents, the information contained therein, and any information gathered from the interviews of Mr. Manning, Mr. Pirelli, or members of the defense team, to the rebuttal of the defendant's § 2255 claims.

IT IS FURTHER ORDERED THAT the government shall not use the documents, the information contained therein, or any information gathered from the interviews of Mr. Manning, Mr. Pirelli, or members of the defense team, against petitioner in any manner during any future proceeding, including any possible retrial; and the government shall treat the documents, the information contained therein, and any information gathered from the interviews of Mr. Manning, Mr. Pirelli, or members of the defense team, as confidential and shall not disseminate or disclose any information, documents, or the content of any documents obtained pursuant to this Order other than in the course of its litigation of this § 2255 proceeding.

IT IS FURTHER ORDERED THAT the briefing schedule is hereby suspended until a date to be determined by the Court.

IT IS SO ORDERED.

Dated: 1-31-2018

By: _____
Honorable JOHN A. MENDEZ
United States District Judge
Eastern District of California